UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

---

CHARLES HINE,
1035 Norman Dr APT 204
Annapolis, MD, 21403

        Plaintiff,

   v.

PRINCE GEORGE'S COUNTY, MARYLAND
14741 Governor Oden Bowie Drive
Upper Marlboro, MD 20772


  Serve: Resident Agent
       Prince George's County Attorney
       Rhonda L. Weaver
       1301 McCormick Drive
       Suite 4100
       Largo, MD 20774

  and

PRINCE GEORGE'S COUNTY FIRE AND
EMERGENCY MEDICAL SERVICES
DEPARTMENT
9201 Basil Court, Suite 452
Largo, MD 20774

  Serve: Resident Agent
       Prince George's County Attorney
       Rhonda L. Weaver
       1301 McCormick Drive
       Suite 4100
       Largo, MD 20774

        Defendants.

---

Case No.

**COMPLAINT**

Plaintiff Charles Hine by and through his undersigned counsel, POSEY LEBOWITZ PLLC and EISENBERG & BAUM, LLP, hereby files this Complaint against Defendant and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Charles Hine is a deaf individual who is considered disabled under federal, state, and local antidiscrimination laws. When Mr. Hine resided in Pennsylvania, he was a volunteer firefighter with no restrictions on his duties. Mr. Hine applied to work for Defendants as a volunteer firefighter. Defendants have a long history of discriminating against deaf and hard of hearing individuals. Even after Mr. Hine submitted all his medical documents required by Defendants, they insisted Mr. Hine to take an additional test at his own expense. Moreover, Defendants denied Mr. Hine's application based on their discriminatory policy requiring a hearing ability to become a firefighter. Defendants' conduct violated federal, state, and local antidiscrimination laws that prohibit disparate treatment of persons with disabilities and the implementation of policies that have a disparate impact.

2. Plaintiff brings this action to compel Defendants to cease unlawful discriminatory practices and implement policies and procedures that will ensure that deaf and hard-of-hearing persons are free from discrimination. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and punitive damages; attorneys' fees and costs; and all other available remedies to redress Defendants' unlawful disability discrimination in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794; Maryland Fair Employment Practices Act ("FEPA"), Md. Code Ann., State Gov't § 20-601, *et seq.* (1984, 2014 Repl. Vol.); Prince George's County Code, Md. ("PGCC") § 2-185, *et seq.*

## THE PARTIES

3. Plaintiff Charles Hine is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication. He is substantially limited in his major life activities of hearing and speaking within the meaning of federal and state antidiscrimination laws.

4. Defendant Prince George's County is a county and local government duly organized and existing under the laws of the State of Maryland. It is subject to the requirements of the federal and state antidiscrimination laws. It is located at 14741 Governor Oden Bowie Drive Upper Marlboro, MD 20772.

5. Defendant Prince George's County Fire and Emergency Medical Services Department is a department of Prince George's County and a public entity that is subject to the requirements of the federal and state antidiscrimination laws. Defendant is located at 9201 Basil Court, Suite 452 Largo, MD 20774.

## JURISDICTION & VENUE

6. The Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the laws of the United States, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state and local laws.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

8. Venue in the Southern Division is proper pursuant to Local Rule 501(4)(a)(i), as the principal offices of the Maryland local government or agency party to this action is located

within the Southern Division.

**STATEMENT OF FACTS**

9. Mr. Hine is a deaf individual who communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication.

10. Defendants have a long history of discriminating against people with disabilities and deaf and hard of hearing individuals. Defendants' discriminatory conduct led to several settlement agreements with the United State Department of Justice and lawsuits. *See* U.S. Dep't of Justice, Prince George's County, Maryland To Agree To Give Deaf Volunteers A Chance To Be Emergency Medical Technicians, Under Agreement, https://www.justice.gov/archive/opa/pr/1998/April/172.htm.html (Apr. 9, 1998); U.S. Dep't of Justice, Settlement Agreement Between The United States Of America And Prince George's County, Maryland, And Prince George's County Fire Department, https://www.justice.gov/crt/settlement-agreement-between-united-states-america-and-prince-georges-county-maryland-and-prince; The Washington Times, *Rejected deaf applicant sues PG fire department*, The Washington Times (Apr. 18, 2001), https://www.washingtontimes.com/news/2001/apr/18/20010418-022054-2518r/.

11. Despite this long history and various settlement agreements, Defendants still discriminated against Mr. Hine, who is a deaf individual.

12. Deaf and hard of hearing individuals are competent to work as and perform the essential functions of firefighters. There are numerous deaf and hard of hearing firefighters all across the nation. *See e.g.*, John Gray, *Inside the life of a deaf firefighter*, WTEN (May 14, 2018), https://www.news10.com/news/special-reports/inside-the-life-of-a-deaf-firefighter/; dpanvideos, *Real People: Deaf Firefighter Chief*, Youtube (May 10, 2019),

https://www.youtube.com/watch?v=BOx6IT2D2dQ; Seek the World, *Deaf Fireman Overcoming Barriers!*, Youtube (Nov. 7, 2019), https://www.youtube.com/watch?v=-lhQjWGvQ0Y; William Reynolds, *Adam's Story: One Of The Few Deaf Firefighters In US*, NorthEscambia.com (Mar. 10, 2019), http://www.northescambia.com/2009/03/adams-story-one-of-the-few-deaf-firefighters-in-america.

13. Indeed, Mr. Hine himself was a competent firefighter when he resided in Pennsylvania. He was able to perform the essential functions of the job and had no restrictions on his duties. The fire chief even wrote a recommendation letter for him.

14. In February of 2017, Mr. Hine applied to become a volunteer firefighter and EMT in with the Morningside Volunteer Fire Department, which is an instrumentality of Defendants.[1] His application at the time did not go through because of a failed background check.

15. On or about January 25, 2018, Mr. Hine's employment application was reconsidered and the status was updated from "not cleared" to "cleared."

16. Mr. Hine was referred for a physical examination to Concentra Occupational Health ("Concentra").

17. On February 22, 2018, Concentra conducted a physical exam of Mr. Hine and determined that he had a history of Attention Deficit Hyperactivity Disorder ("ADHD") and congenital hearing loss.

18. On March 8, 2018, Defendants informed Mr. Hine that "[t]he selection process for members requires a thorough and complete physical in accordance to the medical standards outlined in [National Fire Protection Association ("NFPA")] 1582." Defendants informed Mr.

---

[1] Under the Prince George's County code, "[a]ll existing nonprofit incorporated volunteer fire companies and/or rescue squads operating in Prince George's County are declared to be an instrumentality of Prince George's County . . . ." Prince George's County, Md., Code § 11-324(a).

Hine that he did not meet the standards set by Prince George's County Fire to become a firefighter because of the "[f]ailed medical examination (Hearing Loss)[.]"

19. Upon information and belief, Defendants use the NFPA 6.5 standards, which requires an audiometric testing average hearing loss in the unaided better ear greater than 40db at 500Hz, 2000Hz, and 3000Hz when the audiometric device is calibrated to ANSI Z24.5, to become a firefighter.

20. Defendants requested Mr. Hine to submit additional documentation to include audiometry results, treatment plan, diagnosis, prognosis, medication, and all studies performed regarding his conditions.

21. Mr. Hine submitted his audiometry results from 2010 conducted by Penn Medicine and letter dated November 25, 2009 from Broker, Cramer, Swanson & Goldberg, E.N.T./Allergy. In regard to his ADHD, he submitted records from 2007 to 2018 and a note that he was no longer on medication.

22. On September 5, 2018, Defendants informed Mr. Hine to submit current medical documentation, including an audiometry test results done within the last six months and verification of stability of ADHD medications.

23. Upon information and belief, taking an audiometry test would have cost Mr. Hine approximately $150 to $400. Mr. Hine was unemployed at the time and did not have the means to pay for the test.

24. On September 24, 2018, Mr. Hine contacted Defendants acknowledging their request and requested Defendants to schedule a hearing test at no cost. There was no response from Defendants.

25. On December 29, 2018, Mr. Hine submitted a letter from the Amin Medical Center

that advised that he is no longer on medication and he exhibits no symptoms of ADHD. He also informed Defendants that he has a permanent congenital deafness and that the hearing test he submitted should suffice because a subsequent hearing test would not show that his hearing had improved.

26. On February 23, 2019, Defendants sent a letter to Mr. Hine, informing him that he did not meet the standards to safely perform the essential functions of the volunteer firefighter/EMT position.

27. At every step of the hiring process, Mr. Hine complied with the directions and requirements of Defendants.

28. Upon information and belief, Mr. Hine even had a letter of recommendation from his old fire chief sent to Defendants.

29. Upon information and belief, Plaintiff would have been hired as the volunteer firefighter/EMT without Defendants' discriminatory conduct and policy.

30. Mr. Hine is and has been capable of performing the essential functions of the volunteer firefighter/EMT position with reasonable accommodations as necessary.

31. Defendants' discrimination deprived Mr. Hine of the opportunity to demonstrate that he could fulfill the essential functions of the volunteer firefighter/EMT position.

32. Defendants' conduct violated federal, state, and local antidiscrimination laws that prohibit disparate treatment of persons with disabilities and the implementation of policies that have a disparate impact.

33. Mr. Hine still wishes to be considered for the volunteer firefighter/EMT position.

34. Because of Defendants' discrimination, Mr. Hine suffered and continues to suffer from embarrassment, violation of his civil rights, emotional distress, suffering, inconvenience,

mental anguish, loss of enjoyment of life, and irreparable damage to his reputation and career prospects.

**CONDITION PRECEDENT**

35. Pursuant to the requirements of the 42 U.S.C. § 2000e-5, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Maryland Commission on Civil Rights on June, 12, 2019.

36. The EEOC issued a Notice of Right to Sue on July 28, 2020.

37. This Complaint is timely in that it was filed within ninety (90) days of the issuance of the Notice of the Right to Sue.

38. Therefore, Plaintiff has satisfied any and all conditions precedent to the filing of his Complaint.

**CLAIM I: VIOLATIONS OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT**

39. Plaintiff repeats and re-alleges all preceding paragraphs in support of this claim.

40. At all times relevant to this action, Title I of the ADA, 42 U.S.C. §§ 12111, et seq. has been in full force and effect and has applied to Defendants' conduct.

41. At all times relevant to this action, Plaintiff has been substantially limited in the major life activity of hearing. Accordingly, he is an individual with a disability within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(2).

42. Defendants are a covered entity and an employer within the meaning of Title I of the ADA, 42 U.S.C. §§ 12111(2) and 12111(5), respectively.

43. Title I of the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment." 42 U.S.C. § 12112(a).

44. Title I of the ADA defines discrimination to include "limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee." 42 U.S.C. § 12112(b)(1).

45. Title I of the ADA further defines discrimination to include utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability, or that perpetuate the discrimination of others who are subject to common administrative control. 42 U.S.C. § 12112(b)(3).

46. Title I of the ADA further defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

47. Title I of the ADA further defines discrimination to include "denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant." 42 U.S.C. § 12112(b)(5)(B).

48. The ADA prohibits retaliation, stating that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a).

49. The ADA further prohibits retaliation, stating that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

50. Defendants discriminated against Plaintiff, on the basis of his disability, in violation of Title I of the ADA and its implementing regulations, such as Defendants discriminated against Plaintiff on the basis of his disability by discriminating against him in regard to the terms, conditions, and privileges of employment in violation of 42 U.S.C. § 12112(a); limiting him in a way that adversely affects his opportunities and status in violation of 42 U.S.C. § 12112(b)(1); using standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability in violation of 42 U.S.C. § 12112(b)(3); failing to make reasonable accommodations in violation of 42 U.S.C. § 12112(b)(5)(A); denying employment opportunities based on the need to make such accommodations in violation of 42 U.S.C. § 12112(b)(5)(B); using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability in violation of 42 U.S.C. § 12112(b)(6); retaliating against Plaintiff for asserting his ADA rights in violation of 42 U.S.C. § 12203(a); and threatening and interfering with Plaintiff's exercise of his ADA rights in violation of 42 U.S.C. § 12203(b).

51. On information and belief, discrimination against deaf and hard of hearing individuals is the result of a policy and/or practice of Defendants to limit, restrict, or segregate employees based on their disability.

52. As set out above, absent injunctive relief there is a clear risk that Defendants' actions will recur with Plaintiff and/or additional deaf employees.

53. Plaintiff is therefore entitled to compensatory and punitive damages, injunctive relief, and an award of attorney's fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12117(a).

## CLAIM II: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

54. Plaintiff repeats and re-alleges all preceding paragraphs in support of this claim.

55. At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 has been in full force and effect and has applied to the Defendants' conduct.

56. At all times relevant to this action, Plaintiff has had a substantial limitation to the major life activities of hearing, speaking, and reading, and has been an individual with a disability within the meaning of the Rehabilitation Act. 29 U.S.C. § 705(9).

57. At all times relevant to this action, Defendants have been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

58. Pursuant to Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

59. Defendants subjected Plaintiff to discrimination, solely on the basis of disability, in violation of 29 U.S.C. § 794.

60. Plaintiff is therefore entitled to compensatory damages, injunctive relief, and an award of attorney's fees, costs, and disbursements, pursuant to 29 U.S.C. § 794(a).

## CLAIM III: VIOLATIONS OF MARYLAND FAIR EMPLOYMENT PRACTICES ACT

61. Plaintiff repeats and re-alleges all preceding paragraphs in support of this claim.

62. At all times relevant to this action, the Maryland Fair Employment Practices Act,

Md. Code Ann., State Gov't § 20-601, *et seq.* (1984, 2014 Repl. Vol.) has been in full force and effect and has applied to Defendants' conduct.

63. At all times relevant to this action, Plaintiff has had substantial impairments to the major life activities of hearing, speaking, and reading and has been a qualified individual with a disability within the meaning of § 20-601.

64. At all times relevant to this action, Defendants have been an employer within the meaning of § 20-601.

65. Pursuant to § 20-606, an employer may not "fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to the individual's compensation, terms, conditions, or privileges of employment" or "limit, segregate, or classify its employees or applicants for employment in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect the individual's status as an employee" because of the individual's disability. *See also* § 20-901; 20-902.

66. The Code of Maryland Regulations ("COMAR") § 14.03.02 *et seq.* further explicates the statutory scheme.

67. Defendants discriminated against Plaintiff on the basis of his disability in violation of the FEPA and the COMAR.

68. Plaintiff is therefore entitled to compensatory damages, injunctive relief, and an award of attorney's fees, expert witness fees, and costs. *See* § 20-1013; COMAR § 14.03.01.14.

## CLAIM IV: VIOLATIONS OF PRINCE GEORGE'S COUNTY CODE

69. Plaintiff repeats and re-alleges all preceding paragraphs in support of this claim.

70. At all times relevant to this action, the Prince George's County Code, Md. ("PGCC") § 2-185, *et seq.* has been in full force and effect and has applied to Defendants' conduct.

71. At all times relevant to this action, Plaintiff has had substantial impairments to the major life activities of hearing, speaking, and reading and has been a qualified individual with a disability within the meaning of § 2-186.

72. At all times relevant to this action, Defendants have been an employer within the meaning of § 2-186.

73. Pursuant to § 2-222, "[n]o employer in the County shall discharge or refuse to hire any person, or act against any person with respect to compensation or other terms and conditions of employment, or limit, segregate, classify, or assign employees because of discrimination."

74. Defendants discriminated against Plaintiff, on the basis of his disability, in violation of the Prince George's County Code.

75. Plaintiff is therefore entitled to compensatory damages, punitive damages, injunctive relief, and an award of attorney's fees, costs, and disbursements, pursuant to Md. Code Ann., State Gov't § 20-1202.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendants:

A. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title I of the ADA, the RA, the FEPA, and the PGCC.

B. Enjoin Defendants from implementing or enforcing any policy, procedure, or practice that discriminates against deaf and hard of hearing individuals;

C. Order Defendants:

    i. to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals;

    ii. to develop, implement, promulgate, and comply with a policy to ensure that Defendants will notify individuals who are deaf or hard of hearing of their right to effective auxiliary aids and services;

    iii. to develop, implement, promulgate, and comply with a policy to ensure that Defendants will provide individuals who are deaf or hard of hearing with reasonable accommodation;

    iv. to train all its employees, staff, and other agents about the rights of individuals who are deaf or hard of hearing under the ADA, the RA, the FEPA, and the PGCC;

    v. to hire Plaintiff.

D.    Award to Plaintiff:

    i. Compensatory damages pursuant to the ADA, the RA, the FEPA, and the PGCC;

    ii. Punitive damages pursuant to the ADA and the PGCC;

    iii. Reasonable costs and attorneys' fees pursuant to the ADA, the RA, the FEPA, and the PGCC;

    iv. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

    v. Any and all other relief, including back pay or front pay, that this Court finds necessary and appropriate.

Dated: October 9, 2020

                              Respectfully Submitted

                              _____/s/_____
                              Ryan C. Posey, Esq.
                              POSEY LEBOWITZ PLLC
                              3221 M Street NW
                              Washington DC 20007
                              202-524-0123 ext. 2
                              202-810-9009 (fax)
                              rposey@poseylebowitz.com
                              *Attorney for Plaintiff*

LEAD COUNSEL TO BE ADMITTED *PRO HAC VICE*
Andrew Rozynski, Esq. (NY# 5054465)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
arozynski@eandblaw.com
*Attorneys for Plaintiff*