## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHARLES HINE,

     Plaintiff,

     v.

PRINCE GEORGE'S COUNTY,
MARYLAND and
MORNINGSIDE VOLUNTEER FIRE
DEPARTMENT, INC.,

     Defendants.

Civil Action No. TDC-20-2929

## MEMORANDUM OPINION

Plaintiff Charles Hine has filed this civil action against Defendants Prince George's County, Maryland ("the County") and Morningside Volunteer Fire Department, Inc. ("MVFD"), alleging that he was unlawfully denied the opportunity to serve as a volunteer firefighter because he is deaf, in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-12117 (2018); Title II of the ADA, 42 U.S.C. §§ 12131-12134; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2018); the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't §§ 20-601 to 20-611 (LexisNexis 2021); and the Prince George's County ordinance prohibiting employment discrimination, Prince George's County, Md. Code ("PGCC") § 2-222 (Supp. 2021). Pending before the Court is the County's Motion to Dismiss the Amended Complaint or, in the Alternative, Motion for Summary Judgment, the second such motion filed by the County ("the Motion" or "the Second Motion"). In briefing the Second Motion, the County incorporated a brief filed in support of its First Motion to Dismiss ("the First Motion"), which was denied without prejudice upon the filing of the Amended Complaint, and

also filed a separate brief on the Second Motion. In turn, in opposing the Motion, Hine incorporated his brief filed in opposition to the First Motion ("the First Opposition") as part of his brief filed in opposition to the Second Motion ("the Second Opposition"). The Motion is now fully briefed, and the Court finds that no hearing is necessary. *See* D. Md. Local Rule 105.6. For the reasons set forth below, the Motion will be DENIED.

## BACKGROUND

In February 2017, Hine applied to work as a volunteer firefighter and emergency medical technician ("EMT") for the MVFD, a non-profit corporation located in Suitland, Maryland which Hine alleges to be an instrumentality of the County. Hine is deaf and is thus substantially limited in the major life activities of hearing and speaking. Nevertheless, Hine previously served as a volunteer firefighter in Pennsylvania with no restrictions on his duties.

As part of the application process with the MVFD, Hine was referred for a physical examination. On March 8, 2018, Defendants informed Hine that he did not meet the standards set by the Prince George's County Fire Department to become a firefighter because of his "[f]ailed medical examination (Hearing Loss)." Am. Compl. ¶ 17, ECF No. 26. Although Hine submitted additional records relating to past hearing test results, and requested an opportunity to receive another hearing test, on February 23, 2019, the County sent him a denial letter informing him that he did not meet the standards to safely perform the essential functions of the position. Hine alleges that the County and MVFD are joint employers because they were both involved in the hiring process, and that he would have been hired as a volunteer firefighter if not for Defendants' discriminatory policies, practices, and procedures.

On June 12, 2019, Hine timely filed a charge of discrimination ("the Charge") with the United States Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Civil Rights ("MCCR"). The EEOC issued a Notice of Right to Sue on July 28,

2

2020, and Hine filed his Complaint in the present case on October 9, 2020, within the requisite 90

days of the issuance of the Notice. Hine filed an Amended Complaint on May 14, 2021.

## DISCUSSION

The County's Motion seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)

or, in the alternative, summary judgment under Rule 56. Specifically, the County seeks dismissal

of: (1) the MFEPA and PGCC claims, on the basis that they are barred because Hine failed to

provide proper notice of these claims to the County, as required by the Maryland Local

Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts. & Jud. Proc. §§ 5-301 to 5-304

(LexisNexis 2020); (2) the employment discrimination claims under Title I of the ADA, the

Rehabilitation Act, and the MFEPA, because the County was not acting as an employer in relation

to Hine's application, as required to establish liability under these statutes; and (3) the claim under

Title II of the ADA, on the grounds that Hine cannot show that he was qualified to receive any

benefits, services, or activities from the County because he was not employed by the County. In

opposing the Motion, Hine asserts that his claims should not be dismissed because he at least

substantially complied with the LGTCA notice requirement, he has properly alleged that the

County is an employer under the relevant statutes, and he has properly alleged a claim under Title

II of the ADA. Moreover, Hine argues that the issue of whether the County is an employer for

purposes of his application to be a volunteer firefighter cannot be resolved at this stage because

discovery has yet to occur.

## I.     Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Courts are also permitted to consider documents attached to a motion to dismiss "when the document is integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge the document's authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quoting *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). Where Hine has alleged in the Amended Complaint that his EEOC Charge satisfies conditions precedent to his lawsuit, the County attached the Charge to the First Motion, and Hine has not challenged the document's authenticity, the Court will consider the Charge in deciding the Motion to Dismiss.

The County, however, has submitted additional exhibits for the Court's consideration that do not meet these requirements. Rule 12(d) requires courts to treat a motion to dismiss as a motion for summary judgment where matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some notice that the court is treating the Rule 12(b)(6) motion as a motion for summary

judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery"
to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir.
1985) (citation omitted).

Here, the notice requirement has been satisfied by the title of Defendant's Motion.   To
show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must
file an affidavit or declaration under Rule 56(d), or another filing, explaining why "for specified
reasons, it cannot present facts essential to justify its opposition."   Fed. R. Civ. P. 56(d); *see*
*Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 245 (4th Cir. 2002).   As discussed
further below, Hine has submitted a Rule 56(d) declaration that properly asserts the need for
discovery before resolving the question of whether the County was an employer and is thus
potentially liable for his claims. *See infra* part III.   Accordingly, the Court will treat the Motion
as a Motion to Dismiss only.

## II.     LGTCA Notice

As a threshold matter, the County argues that the MFEPA and PGCC claims must be
dismissed because Hine did not comply with the notice requirement of the LGTCA.   Under the
LGTCA, a local government in Maryland is liable "for any judgment against its employee for
damages resulting from tortious acts or omissions committed by the employee within the scope of
employment with the local government." Md. Code Ann., Cts. & Jud. Proc. § 5–303(b)(1).   The
LGTCA conditions such tort liability on compliance with a notice requirement, which provides
that "an action for unliquidated damages may not be brought against a local government or its
employees unless the notice of the claim required by this section is given within 1 year after the
injury." *Id*. § 5–304(b)(1).   This requirement applies to any tort action for unliquidated damages,
including claims for violations of state statutes such as the MFEPA. *See Morey v. Carroll Cnty.*,

5

No. ELH-17-2250, 2018 WL 2064782, at *20 (D. Md. May 3, 2018) ("Plaintiff may bring an employment discrimination claim under MFEPA . . . provided that plaintiff furnished the requisite notice, as required by the Local Government Tort Claims Act."). Written notice must be provided "in person or by certified mail, return receipt requested," state the "time, place, and cause of the injury," and in the case of Prince George's County, must be provided to the county solicitor or county attorney. Md. Code Ann., Cts. & Jud. Proc. § 5–304(b)(2), (c)(1), (c)(3)(iii). The purpose of the requirement is to provide the local government with notice at a time when it can conduct its own investigation of the incident while the evidence is still fresh so as to ascertain the character and extent of the injury and the responsibility the local government may have for it. *See Rios v. Montgomery Cnty.*, 872 A.2d 1, 14 (Md. 2005). The notice requirement of the LGTCA is a condition precedent to maintaining a tort action, so a plaintiff is required, in the complaint, to plead compliance with the notice provision of the LGTCA. *Hansen v. City of Laurel*, 25 A.3d 122, 137 (Md. 2011).

In the absence of strict compliance, Maryland courts have permitted substantial compliance to satisfy the notice requirement. Substantial compliance occurs "when notice is provided to the entity responsible for investigating the tort claim." *White v. Prince George's Cnty.*, 877 A.2d 1129, 1139 (Md. Ct. Spec. App. 2005). Substantial compliance can also be achieved when the local government is made aware of its possible liability, such as by notice to the local government's insurer or another entity that has authority to settle tort claims "unilaterally." *Faulk v. Ewing*, 808 A.2d 1262, 1277 (Md. 2002). This concept of substantial compliance was codified in 2016, when the Maryland General Assembly added the following provision to the LGTCA: "This section does not apply if, within 1 year after the injury, the defendant local government has actual or

6

constructive notice of: (1) The claimant's injury; or (2) The defect of circumstances giving rise to the claimant's injury." Md. Code Ann., Cts. & Jud. Proc. § 5–304(e).

In its Motion, the County argues that Hine neither pleaded compliance with the LGTCA nor satisfied the substantive requirement of providing notice. In the Amended Complaint, Hine successfully addressed the first issue by pleading that he complied with the LGTCA by filing his EEOC Charge. As for whether the Charge could satisfy the LGTCA notice requirement, the County argues that case law, including this Court's ruling in *Hispanic National Law Enforcement Association NCR v. Prince George's County*, No. TDC-18-3821, 2020 WL 903205 (D. Md. Feb. 25, 2020) ("*HNLEA*"), establishes that the filing of an EEOC charge is insufficient to substantially comply with the LGTCA.

Notably, however, the County has not addressed the 2016 change to the LGTCA. In *HNLEA*, the Court, while concluding that an EEOC charge was insufficient to provide Prince George's County with LGTCA notice of common law tort claims, *id.* at *8, specifically determined that the 2016 amendment, which added section 5-304(e), did not apply to the plaintiffs' claims because the injuries giving rise to their claims accrued before that amendment took effect on October 1, 2016. *Id.* at *7. Here, Hine's alleged injury occurred in 2018 at the earliest, well after section 5-304(e) took effect. Because the language of section 5-304(e) "further relaxes the notice requirement," Hine's case is distinguishable from *HNLEA* and other case law addressing events pre-dating section 5-304(e). *Saunders v. Balt. City Police Dep't*, No. CCB-19-551, 2020 WL 1505697, at *5 n.8 (D. Md. Mar. 30, 2020). Likewise, *Abdus-Shahid v. Mayor and City Council of Baltimore*, 674 F. App'x 267 (4th Cir. 2017), also cited by the County, is distinguishable because the alleged injury in that case occurred in 2013, prior to the enactment of section 5-304(e), and in

7

any event the EEOC charge was filed after the notice deadline set forth in the LGTCA. *Id.* at 269, 273–74.

Considered against the standard of section 5-304(e), Hine's EEOC Charge was sufficient to satisfy the notice requirement of the LGTCA because it provided the County with "actual or constructive notice" of "[t]he claimant's injury" or "[t]he defect of circumstances giving rise to the claimant's injury" within one year of that injury. Md. Code Ann., Cts. & Jud. Proc. § 5–304(e). The Charge stated that Hine applied to work as a firefighter in 2018, was denied on March 8, 2018 because of his "Hearing Loss," appealed twice, and received a final denial on February 13, 2019. Charge at 1, First Mot. Dismiss Ex. 2, ECF No. 14-5. Hine also included in the Charge the assertion that he believed that he was denied because of his disability, in violation of the ADA. The Charge therefore clearly provided notice to the County of Hine's injury, and it also informed the County of the "circumstances giving rise to [his] injury." *See* Md. Code Ann., Cts. & Jud. Proc. § 5-304(e). The Charge was filed on June 12, 2019, and there is no dispute that it was provided to the County within one year of the February 13, 2019 final denial of Hine's application. Significantly, in a case relating to events following the enactment of section 304(e), another judge in this District held that an EEOC charge was sufficient to meet the section 304(e) standard for compliance with the LGTCA notice requirement. *See Young v. Hous. Auth. of Balt. City*, No. SAG-21-0996, 2021 WL 3852340, at *8 (D. Md. Aug. 27, 2021). The Motion will therefore be denied as to the claim that the state law claims must be dismissed for failure to comply with the LGTCA.

## III.   Employer

The County also argues that Hine's employment discrimination claims should be dismissed because the County is not an employer within the meaning of the applicable federal and state

8

statutes.  Title I of the ADA provides that "[n]o covered entity," which includes an "employer," "shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. §§ 12111(2),  12112(a).  Specifically, the County asserts that it is not an employer because it does not have sufficient control over MVFD volunteer firefighters and because the position sought by Hine was a volunteer position for which there was not sufficient compensation for such a firefighter to constitute an employee under those statutes.  In support of its arguments, the County references exhibits attached to its Motion, including an affidavit of a Deputy Fire Chief of the Prince George's County Fire Department and numerous documents detailing the organizational structure, application process, and available benefits relating to volunteer firefighters in Prince George's County.

Hine argues that the County's Motion cannot be construed as a Motion for Summary Judgment, and the Court should not consider the County's exhibits and grant summary judgment on these issues, because he has not been afforded an opportunity for reasonable discovery and therefore lacks "adequate information that is necessary and essential" to oppose the Motion. Second Opp'n at 4, ECF No. 31; *see Gay*, 761 F.2d at 178.  Hine has submitted an affidavit pursuant to Rule 56(d) in which he asserts that his requested discovery would include the opportunity to depose the County's affiant and to obtain additional evidence on the issue of "who is the responsible party in this action."  Hine Decl. ¶¶ 10–11, First Opp'n Ex. B, ECF No. 16-2.

Notably, both issues on which the County seeks summary judgment are the subject of factual disputes.  Hine argues that both Defendants are employers under the "joint employment doctrine," which recognizes that "multiple entities may simultaneously be considered employers,"

and pursuant to which a court must determine "which entities actually exercise control over an employee." *Butler v. Drive Auto. Indus. of Am.*, 793 F.3d 404, 409–10 (4th Cir. 2015). Determining whether an entity exercises sufficient control to qualify as an employer is "a highly fact-specific" endeavor. *Id.* at 410. In his Rule 56(d) affidavit, Hine notes that the denial letter he received "was sent by the Prince George's County Office of Law on behalf of the Prince George's County Fire & EMS Department," not by the MVFD. Hine Decl. ¶ 12. This assertion supports Hine's contention that there is a factual dispute over whether the County was an employer for purposes of the denial of Hine's application that should not be resolved without discovery.

Likewise, a volunteer position, including a volunteer firefighter position, is not necessarily exempt from the coverage of employment discrimination statutes. If "unpaid volunteers" receive certain benefits short of direct monetary compensation, those benefits may be sufficient to create an employment relationship. *See Haavistola v. Cmty. Fire Co.*, 6 F.3d 211, 220–21 (4th Cir. 1993). The question of whether the specific benefits received are sufficient to create an employment relationship is a fact-based one that "cannot be found as a matter of law." *Id.* at 221–22 (reversing a grant of summary judgment because the question whether the benefits received by the members of a particular volunteer fire company were sufficient to render them employees under Title VII was "a disputed issue of material fact"); *see also Finkle v. Howard Cnty.*, 12 F. Supp. 3d 780, 786 (4th Cir. 2014) (finding that the court could not, as a matter of law, find that benefits the plaintiff would have received as a volunteer auxiliary police officer were insufficient to classify her as an employee under Title VII). Here, Hine has pleaded in the Amended Complaint that he would have been an employee based on the "significant benefits" he would have received as a volunteer firefighter, including disability and survivor benefits, insurance benefits, tuition reimbursement, tax exemptions, and other benefits. Am. Compl. ¶ 35. Thus, the resolution of the question of

10

whether an MVFD volunteer firefighter is an employee for purposes of the relevant employment discrimination statutes would require consideration of evidence on the specific benefits provided to such a firefighter.

Where the question of whether the County qualifies as an employer for purposes of the employment discrimination claims involves two fact-based inquiries for which the County asks the Court to rely on its submitted evidence, the Court agrees with Hine that discovery is necessary before it may resolve this question. The Court will deny the Motion as to this issue.

**IV.    Title II of the ADA**

Finally, the County argues that Hine's claim under Title II of the ADA should be dismissed for failure to state a claim. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Generally, to state a Title II claim, a complaint must allege that the plaintiff (1) has a disability; (2) is otherwise qualified to receive the benefits of a public service, program, or activity; and (3) was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of a disability. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005).

The County argues that the Title II claim against it fails because Hine "cannot show that he was qualified to receive any benefits, services, or activities" offered by the County by virtue of the fact that he was "n[]ever employed by the County." Second Mot. Dismiss at 3, ECF No. 27-1. Beyond the fact that Hine has alleged an employment relationship that cannot be resolved without discovery, *see supra* part III, Title II does not require such a relationship. *See Constantine*, 411 F.3d at 498 (finding that a law student had stated a plausible Title II claim against a law school

11

for failing to accommodate a disability).  Construing the allegations in the light most favorable to the plaintiff, as is required at this stage, the Court views the Title II claim as an alternative theory of liability, as compared to his employment discrimination claims under Title I and other statutes, under which Hine is arguing that even if service as a volunteer firefighter is not employment, it is a program or activity offered by the County to members of the community from which he was improperly excluded based on his disability.  Where the County has not identified any authority that would preclude Hine from pursuing such a theory, the Motion will be denied as to the Title II claim.

## CONCLUSION

For the foregoing reasons, the County's Second Motion to Dismiss, ECF No. 27, will be DENIED.  A separate Order shall issue.

Date:  December 9, 2021

THEODORE D. CHUANG
United States District Judge