IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

CHARLES HINE,

                 *Plaintiff*,

   v.

PRINCE GEORGE'S COUNTY,
MARYLAND,

                 *Defendant*.

**Civil Action No.: 8:20-cv-02929-TDC**

**PLAINTIFF'S REPLY TO
DEFENDANT'S MOTION AND
MEMORANDUM OF LAW IN SUPPORT
OF SUMMARY JUDGMENT**

Dated: November 20, 2023

Andrew Rozynski, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
arozynski@eandblaw.com
*Attorneys for Plaintiff Charles Hine*

## TABLE OF CONTENTS

INTRODUCTION…………………………………………………………….……………1-3

ARGUMENT………………………………………………………… …………………..…3-11

I.      The County violated Title I and/or Title II of the ADA, along with the Rehabilitation Act, the

MFEPA, and the PGCC

      A.      The County Denied Mr. Hine Full Participation as a Volunteer

          Firefighter………………………………………………….…………………..3-4

      B.      The County Failed to Engage in an Interactive Process…………………….…....4-5

      C.      The County Subjected Mr. Hine to Unequal and Disparate

          Treatment………………………………………………...………………….…...5

      D.      The County Implied a Direct-Threat Exception Without Providing Proper

          Substantiation…………………………………...…………………………….6

II.     Defendants Remaining Arguments are Red Herrings and Unavailing

      A.      Mr. Hine Did Not Fail to Satisfy Any Pre-suit Requirement, and the Amended

          Complaint is Adequately Plead…………………….……………………….......7

      B.      The County is an Employer Subject to Title I of the ADA and Local, State and

          Federal Anti-Discrimination Law………………..............................................…….8-11

          a.      Whether Compensation for a Position is Sufficient for the Position to be

               Considered Employment Cannot be Determined on Motion for Summary

               Judgement……………………...………………………………………….8-9

          b.      The Joint Employer Doctrine Applies, Indicating that the County is a Joint

               Employer…………………………...………………………………….…..9-11

III.    Mr. Hine is entitled to the full panoply of remedies beyond nominal

Damages…………………………………………………..……………………...…11-12

CONCLUSION…………………………………………………………..………………..12

## TABLE OF AUTHORITIES

**<u>Cases:</u>**

*Butler v. Drive Auto. Indus. of Am.,* 793 F.3d 404 (4th Cir. 2015)……………………..…….…..9

*Cline v. Wal-Mart Stores, Inc*., 144 F. 3d 294 (4th Cir. 1998)…………………………....…12

*Corey v. Sec'y, United States HUD*, 719 F.3d 322 (4th Cir. 2013)……………………….…..6

*EEOC v. BNSF Ry. Co*., 902 F.3d 916 (9th Cir. 2018)/………………..………………....…5

*E.E.O.C. v. Fed. Express Corp*., 513 F.3d 360 (4th Cir. 2008)……………….………………....12

*Evans v. Hills*, 537 F.2d 571 (2d Cir. 1976), *cert. denied*, 429 U.S. 1066
(1977)………………………………………………….……………………....……12

*Finkle v. Howard Cty*., 12 F. Supp. 3d 780 (D. Md. 2014)……………..………………....8,9

*Frye v. Am. Coll. of Radiology*, No. 1:19-cv-80 (AJT/IDD), 2020 U.S. Dist. LEXIS 269603 (E.D.
Va. Mar. 11, 2020)…………………………………………………………………...2

*Grant-Davis v. Bd. of Trs*., No. 2:15-cv-2676-PMD-MGB, 2017 U.S. Dist. LEXIS 136083 (D.S.C.
May 24, 2017)……………………………....…………………………………………..6

*Haavistola v. Cmty. Fire Co*., 6 F.3d 211 (4th Cir. 1993)……………………….…………………..8

*Maffett v. City of Columbia*, No. 3:19-832-MGL-KDW, 2021 U.S. Dist. LEXIS 178622 (D.S.C.
Apr. 19, 2021)…………………………………………….……………………… 2

*Parker v. Jennings*, No. 5:19-00938-TLW-KDW, 2021 U.S. Dist. LEXIS 233904 (D.S.C. Aug. 20,
2021)………………………………………..…………………………………………2

*Smith v. CSRA*, 12 F.4th 396 (4th Cir. 2021)……………………………………………...…9

*Stillwell v. Kan. City Bd. of Police Comm'rs*, 872 F. Supp. 682
(W.D. Mo. 1995)…………………………………………..……………………….4

*Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441 (S.D.N.Y.
2014)……………………………………………………..………………….....12

*Williams v. BTST Servs*., LLC, No. BPG-21-1732, 2022 U.S. Dist. LEXIS 50871 (D. Md. Mar. 22, 2022)………………………………………………….……………………….…………….....12

**<u>Statutes:</u>**

42 U.S.C. § 1981a(a)(2)…………………………………… …………….…………….…12

42 U.S.C. § 12112……………………………………………..……………….…….….4

42 U.S.C. § 12117(a)………………………………………. ……………………..12

Fed. R. Civ. P. 56(e)…………………………………..……...……………….…..2

Section 504 of the Rehabilitation Act of 1974 *(in general)*……………..…………………..…4

Maryland's Fair Employment Practices Act. *(in general)*……………..…………………..…….4

Prince George's County Code ("PGCC") 2-186…………………..………………..…….4

PGCC Sec. 2-195.01…………………………………………..…………………….....12

# INTRODUCTION

This case is more than a legal dispute. It is a critical examination of how our society treat individuals with disabilities. Mr. Hine—a seasoned, experienced, and skilled firefighter who happens to be deaf—has faced unjust barriers that go against both the spirit and the letter of important laws asserted in this case. These laws were created to protect people like Mr. Hine from discrimination, but he has found himself excluded and marginalized instead based on blanket exclusionary policies. Mr. Hine just wants a chance to prove that he can be an operational firefighter, and Defendant's brief reinforces he is being denied that opportunity solely on the basis of his hearing levels, not his actual abilities with or without reasonable accommodation.

Mr. Hine has demonstrated without dispute that Prince George's County did not fulfill its obligations under anti-discrimination laws. The County's strict adherence to outdated policies and its failure to properly assess Mr. Hine's abilities as a firefighter have resulted in a clear infringement of his rights.

Tellingly, Plaintiff submitted a 56.1 Statement of Undisputed Material Facts, which was not disputed by the County. As stated in the Defendant's Brief (Def's Br. at 4, ECF No. 75-2), "The County incorporates by reference the undisputed facts submitted by Plaintiff 1-56." By not disputing these facts, the County has waived its opportunity to do so. Federal Rule of Civil Procedure 56(e) stipulates that courts may treat a fact as undisputed for the purposes of the motion or issue any other appropriate order if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c). This principle is exemplified in *Maffett v. City of Columbia*, No. 3:19-832-MGL-KDW, 2021 U.S. Dist. LEXIS 178622 (D.S.C. Apr. 19, 2021), where the court held that the failure of opposing parties to contest undisputed facts resulted in their admission for purposes of summary judgment. Similar findings were made in *Parker v. Jennings*, No. 5:19-00938-TLW-KDW, 2021 U.S. Dist. LEXIS 233904, at *14 (D.S.C. Aug. 20, 2021) and

*Frye v. Am. Coll. of Radiology*, Civil Action No. 1:19-cv-80 (AJT/IDD), 2020 U.S. Dist. LEXIS 269603 (E.D. Va. Mar. 11, 2020), both holding that failure to properly contest undisputed facts in support of summary judgment results in their admission. Here are some pertinent admissions:

1.    Mr. Hine worked in an operational capacity at three different fire departments, responding to approximately 1,000 to 1,500 EMS and firefighting calls per year, and was able to perform all essential job functions, including entering burning buildings (P's 56.1 Statement ¶¶ 10,11,15,16,17). The most recent fire department exempted Mr. Hine from NFPA standards, and the Fire Chief acknowledged his exemplary performance in a letter to the Defendant (P's 56.1 Statement ¶¶ 13, 14; Letter of Recommendation from the Captain of Exeter Township Fire Department to Morningside Fire Department [PLA_000061]).

2.    Prince George's County is responsible for making final decisions regarding who may become an operational volunteer (P's 56.1 Statement ¶ 23). On September 24, 2018, Mr. Hine contacted the County by email to acknowledge their request and asked for a hearing evaluation at the County's expense, which was not responded to (Email Communications Between Plaintiff and Prince George's County Volunteer Fire/EMS from September 5, 2018 to January 14, 2020 [PLA_000040-PLA_000046]). The County has a policy of refusing to pay for additional testing they require if deemed "specialized" (P's 56.1 Statement ¶ 34; McClelland Aff. 14).

3.    Mr. Hine requested that the Morningside Fire Department allow him a short period to demonstrate his ability to perform the essential functions of an operational firefighter/EMT. This opportunity was never provided (P's 56.1 Statement ¶ 35). Defendant Prince George's County did not consult an expert to determine whether deaf firefighters can perform the essential functions of their jobs with or without reasonable accommodation, and the County has no concrete evidence indicating Mr. Hine would present a safety threat while working in an operational firefighter role

(P's 56.1 Statement ¶¶ 43,44). Such undisputed facts show, summary judgement on liability should be granted in Plaintiff's favor.

**ARGUMENT**

**I.    The County violated Title I and/or Title II of the ADA, along with the Rehabilitation Act, the MFEPA, and the PGCC**

**A.    The County Denied Mr. Hine Full Participation as a Volunteer Firefighter**

The County contends that by offering Mr. Hine a volunteer (non-operational) position, there was no discrimination. However, offering a position with restricted duties does not negate discrimination when the applied-for position is denied due to disability. The duties offered were limited such that Mr. Hine could not engage in the traditional functions of a firefighter. The County's position effectively was: you can be a firefighter, but unlike hearing individuals, you cannot actually fight fires. The County provides no authoritative support for its claim that offering a restricted role negates discrimination. Anti-discrimination laws, including 42 U.S.C.S. § 12112 and provisions within Title II of the ADA, Section 504 of the Rehabilitation Act of 1974, Maryland's Fair Employment Practices Act, and the Prince George's County Code ("PGCC"), are designed to ensure full benefits and equal access to public facilities, programs, or services. Merely offering substantial benefit, equal compensation but with restricted duties, and other half measures, falls short of fulfilling the requirements of anti-discrimination laws.

**B.    The County Failed to Engage in an Interactive Process**

The County argues that accommodating Mr. Hine would require it to "abandon its physical requirements and treat him differently than all other volunteer and career firefighter applicants" (Def's Br. at 24). However, Mr. Hine's statements in his deposition simply expressed a desire for the County to give him an opportunity to demonstrate his capabilities (Hine Dep. Tr. at 45:22-46). This was not a request for a specific accommodation, but rather for an interactive process, previously denied by the County. Moreover, Mr. Hine did request specific accommodations during the

deposition, such as "interpreters for meetings and trainings to ensure effective communication" (Hine Depo Tr. at 79:3-5).

The County's decision to deny Mr. Hine's job application based solely on his hearing test, without any individualized assessment of his skills as a volunteer firefighter/EMT, contradicts the ADA's requirement for individualized assessments. The case of *Stillwell v. Kan. City Bd. of Police Comm'rs*, 872 F. Supp. 682 (W.D. Mo. 1995), underscores the necessity for disabled applicants to be considered on a case-by-case basis. Mr. Hine is not requesting a lowering of safety standards but challenges the legality of the County's blanket rule prohibiting him from becoming a volunteer firefighter/EMT solely based on his deafness.

No one at the fire station or the County inquired about the accommodations Mr. Hine might need to perform his job in an operational capacity. He was disqualified based on his hearing exam, rather than on any specific functional inability. Mr. Hine repeatedly requested opportunities to shadow other firefighters to demonstrate his capability (SUMF ¶ 35). The County, without evaluating whether he could perform essential job functions, dismissed his application. An individual assessment of Mr. Hine's abilities to identify limitations and potential reasonable accommodations (29 C.F.R. § 1630.2(o)(3); Md. Code Regs. 14.03.02.04; PGCC § 2-185(c)) would have confirmed his capability to perform the duties of an active firefighter/EMT, as evidenced by his successful tenure at various fire departments (SUMF ¶¶ 10–20).

### C.    The County Subjected Mr. Hine to Unequal and Disparate Treatment

As detailed in Mr. Hine's initial brief supporting partial summary judgment and unaddressed in the Defendant's brief, the County is also liable for subjecting Mr. Hine to unequal or disparate treatment by requiring him to bear the cost of additional audiometry exams (SUMF ¶¶ 28–33). The County did not respond to Mr. Hine's request for the County to cover the cost of additional testing (Hine Dep. Tr. 41:17–42:6; PLA_000040–000042). Employers, as per *EEOC v. BNSF Ry. Co*., 902

F.3d 916, 926–27 (9th Cir. 2018), cannot impose additional financial burdens on individuals with disabilities for follow-up testing. Thus, the County's defense that Mr. Hine failed to submit additional audiometry test results at his own cost is in itself futile and discriminatory, particularly since he had already provided results from 2010 and a letter from the Amin Medical Center confirming his permanent congenital deafness (SUMF ¶¶ 28–30, 32 & 33).

### D.    The County Implied a Direct-Threat Exception Without Providing Proper Substantiation

"Direct threat," as defined in 42 U.S.C.S. § 12182(b)(3), refers to a significant risk to the health or safety of others that cannot be mitigated by policy modifications or auxiliary aids. For the County to claim an exemption from the ADA and anti-discrimination law, it must present objective, individualized evidence that the plaintiff poses a direct threat, See *Corey v. Sec'y*, United States HUD, 719 F.3d 322, 327 (4th Cir. 2013). This determination requires an individualized assessment based on reasonable judgment, current medical knowledge, or the best available objective evidence (*Grant-Davis v. Bd. of Trs*., No. 2:15-cv-2676-PMD-MGB, 2017 U.S. Dist. LEXIS 136083, at *38-39 (D.S.C. May 24, 2017)).

The County's claim of "legitimate safety concerns" due to Mr. Hine's failure to pass a medical examination (Def.'s Br. at 25, ECF No. 75-2) lacks substantive evidence and does not consider whether risks could be addressed through accommodations. References to NFPA standards and Dr. Samo's testimony do not constitute an individualized assessment, as Dr. Samo does not possess firsthand knowledge of Mr. Hine's abilities. Dr. Samo's anecdotal evidence about hearing aids failing in heat does not address the actual capabilities of Mr. Hine. The County has not presented any information about Mr. Hine's skills or whether he posed a legitimate danger.

However, it is undisputed that Mr. Hine has successfully worked at three different fire departments, most recently at the Exeter Township Volunteer Fire Department, which exempted him

from the National Fire Protection's hearing test, recognizing his ability to fully perform his firefighting job (Pl.'s 56.1 Stmt. ¶¶ 10 & 13). Mr. Hine's ability to perform the essential job duties of an operational firefighter, as demonstrated in the past, and the existence of accommodations enabling him to perform these functions (as described in Hine Dep Tr. at 24:19-21) are not contested. Thus, Defendant has not provided specific evidence that *Mr. Hine* himself would pose a direct threat. As such as Plaintiff has proven his claims and the facts are largely undisputed, summary judgment should be granted in his favor.

**II.     Defendants Remaining Arguments are Red Herrings and Unavailing**

**A.     Mr. Hine Did Not Fail to Satisfy Any Pre-suit Requirement, and the Amended Complaint is Adequately Plead**

Section 2-185(c) of the Prince George's County Code ("PGCC") states that the intent of the PGCC Human Rights Division is "to assure that a complaint filed under this Division may proceed more promptly than possible under either Federal or State law." Importantly, it is not the policy of the county to create a "duplicative or cumulative process." Instead, the Division aims to avoid erecting additional procedural barriers that could potentially slow down or deny relief to an aggrieved party.

Furthermore, the section cited by the Defendant, PGCC Section 2-197, specifies only that "[a]ny party aggrieved by a final decision by the Commission is entitled to file an appeal pursuant to Chapter 200, Title 7, Maryland Rules of Procedure." The Defendant has not provided any legal authority to support the claim that failing to appeal under PGCC Section 2-197 equates to a failure to exhaust all administrative remedies. In fact, appealing to a court in a different jurisdiction does not qualify as an administrative remedy and, therefore, cannot be considered a failure to exhaust administrative remedies.

If meeting a condition precedent to filing this lawsuit was required, such a defense should have been raised in the Defendant's answer or Motion to Dismiss. However, it was not addressed in either the Answer to the Amended Complaint or the Defendant's Motion to Dismiss (ECF 14 and 37). Consequently, this defense is deemed to have been waived.

### B.   The County is an Employer Subject to Title I of the ADA and Local, State and Federal Anti-Discrimination Law

Defendant argues that the County is not Plaintiff's employer. Defendant has two reasons for this assertion, the first being that compensation is not sufficient for the position to be considered employment and the second that the County exerts insufficient control or agency over the volunteer station to be considered a joint employer.

### a.   Whether Compensation for a Position is Sufficient for the Position to be Considered Employment Cannot be Determined on Motion for Summary Judgement

Both *Finkle v. Howard Cty*., 12 F. Supp. 3d 780, 781 (D. Md. 2014) and *Haavistola v. Cmty. Fire Co*., 6 F.3d 211, 213 (4th Cir. 1993) address whether benefits in the aggregate are sufficient to make a volunteer position considered employment when considered in the context of a motion for summary judgement. They both hold that because "compensation" is not statutorily defined, "the district court must leave to a factfinder the ultimate conclusion whether the benefits represent indirect but significant remuneration as the plaintiff contends or inconsequential incidents of an otherwise gratuitous relationship as the defendant argues" *id*. Accordingly, the issue of whether benefits received by Plaintiff are sufficient to constitute compensation sufficient for the position to create an employer/employee relationship cannot be addressed by summary judgement motion. *id*.

Regardless, the volunteer fire fighters employed with Defendant and the Fire Department may be entitled to receive benefits including but not limited to retirement, insurance, survivor, disability/death, medical, tax, family assistance, workers compensation, and other monetary benefits

and programs, and some receive housing, tuition, and meal coverage. Pl.'s Ex. L, White 30(b)(6) Dep. Tr. 15:6–16:21, 17:5-19; Pl.'s Ex. N, McClelland Dep. Tr. 18:24–21:11; Pl.'s Ex. J, Defendant's Answers to Interrogatories No. 16. Moreover, the experience gained from operational work and the opportunity to transfer over to career fire fighter are valuable compensation in and of themselves for individuals such as Mr. Hine that seek to make firefighting their career.

If the Court chooses to address the fact sensitive analysis of whether compensation was sufficient to constitute employment on these cross Motions for Summary Judgment, the evidence all suggests that compensation was sufficient and that the compensation and valuable experience were relied on by Mr. Hine when applying.

### b.    The Joint Employer Doctrine Applies, Indicating that the County is a Joint Employer

The joint employment doctrine, applicable to Title VII of the Civil Rights Act of 1964, also pertains to the state and federal statutes in the current matter concerning the determination of an employer/employee relationship. This doctrine is affirmed in *Butler v. Drive Auto. Indus. of Am.,* 793 F.3d 404, 406 (4th Cir. 2015) and *Smith v. CSRA*, 12 F.4th 396, 402 (4th Cir. 2021), which utilized the same test in the context of the ADA. The hybrid test, incorporating both common law principles of agency and the "economic realities" test, allows for the possibility of multiple entities being considered employers under the ADA and state anti-discrimination statutes.

In volunteer cases, "the primary focus should not be on the employer's control of the individual, but rather on whether or not 'as a matter of economic reality an individual is dependent upon the business to which they render services'" (*Finkle*, 12 F.Supp.3d at 780). In this case, Mr. Hine was reliant on the Fire Department for compensation, experience, and career advancement within the County. His involvement was not a casual volunteer effort; it was a strategic step towards a firefighting career, a goal he still pursues.

The *Butler* decision outlines a nine-factor test to determine if an entity may be deemed a joint employer. The Court in Butler emphasized that no single factor is dispositive, with the first three being most important:

1. **Authority to Hire and Fire:** The County determines which volunteers can become operational (P's 56.1 ¶¶ 22; White 30(b)(6) Dep. Tr. 12:12-23; McClelland Aff ¶¶ 7, 10-12). It also has the power to revoke operational status, effectively terminating employment (McClelland Aff ¶ 32).

2. **Day-to-Day Supervision:** The County exercises exclusive control over operational matters (McClelland Aff ¶ 6), including emergency scene direction, equipment use, training, and operation of fire apparatus (McClelland Aff ¶ 7). The County shares disciplinary authority with the fire department.

3. **Provision of Equipment and Work Location:** The County provides personal protection equipment (PPE) for operational firefighters (McClelland Aff ¶ 24). While the Morningside Fire Department owns its emergency vehicles and station building (McClelland Aff ¶ 25), these assets were likely acquired with grants secured by county employees. The County covers liability, workers' compensation, and disability and death benefits (McClelland Aff ¶ 21), indicating substantial control over the volunteer fire department's operations.

4. **Control Over Employment Records:** The Prince George's County Fire Commission retains volunteers' application materials, training, and certification records submitted to the County (McClelland Aff ¶ 23). The volunteer company manages the LOSAP program (McClelland Aff ¶ 29). Mr. Hine's employment records, disclosed in discovery, demonstrate joint possession of these records (Fire Commission File p. 48 Bates# PGC000048).

5. **Duration of Work:** This factor is inapplicable as Mr. Hine was never hired.

**6.     Provision of Training**: The County is responsible for all equipment and operational firefighting training (McClelland Aff ¶¶ 7,15). Additional training is provided by the Maryland Fire and Rescue Institute, a part of the University of Maryland system, indicating the County's predominant role in training operational firefighters.

**7.     Nature of Duties:** Mr. Hine applied for the role of an operational volunteer.

**8.     Exclusive Assignment:** Although Mr. Hine could apply to other fire departments within Prince George's County, he was precluded from any operational volunteer or career firefighter position at all departments due to the County's discriminatory practices (McClelland Aff ¶ 30).

**9.     Intent to Enter into Employment Relationship:** The County's involvement in the hiring process, including sending the majority of hiring documents and the rejection letter to Mr. Hine, along with its financial support for the volunteer departments, indicates a mutual understanding of an employment relationship.  See Letters from Prince George's County Volunteer Fire/EMS to Plaintiff dated March 8, 2018 and September 5, 2018 and other communications. [PLA_000001-PLA_000003]; [PLA_000040-PLA_000046] and [PLA_000008-PLA_000009].

Most factors in the Butler test, especially the first three, strongly suggest that the County was a joint employer of Mr. Hine alongside the Morningside Volunteer Fire Department.

Finally, it is critical to note that the volunteer fire department did not make the decision that resulted in Mr. Hine's exclusion from employment; the County did. If the County is not considered a joint employer, Prince George's County could discriminate with impunity and not be held accountable for its blanket discriminatory policy for operational members at volunteer firefighter departments. Such an interpretation would be against the congressional intent of these statutes to prevent discrimination against people with disabilities.

**III.     Mr. Hine is entitled to the full panoply of remedies beyond nominal damages**

Initially, the County concedes that nominal damages are automatically granted upon proving liability (Def's Br. at 28, ECF No. 75-2). Regarding other categories of damages, this Court should refrain from precluding any specific type until liability is established. Regarding specific categories of damages, the County has not contested Mr. Hine's entitlement to expectation damages. Expectation damages are traditionally available to deaf plaintiffs who bring claims against public entities in anti-discrimination cases. *See Williams v. BTST Servs*., LLC, No. BPG-21-1732, 2022 U.S. Dist. LEXIS 50871, at *21 (D. Md. Mar. 22, 2022) she may still recover compensatory damages based on Count One of her proposed Amended Complaint, which alleges a failure to accommodate under the ADA. *See E.E.O.C. v. Fed. Express Corp*., 513 F.3d 360, 370 n.7 (4th Cir. 2008) (permitting compensatory damages based on a failure to accommodate claim under the ADA). Under the ADA, compensatory damages are available for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." *Cline v. Wal-Mart Stores, Inc*., 144 F. 3d 294, 304 (4th Cir. 1998) (quoting 42 U.S.C. § 1981a(b)(3)). Nonetheless, prematurely eliminating potential damages would amount to rendering an advisory opinion. *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 450 n.6 (S.D.N.Y. 2014) (citing *Evans v. Hills*, 537 F.2d 571, 596 (2d Cir. 1976), *cert. denied*, 429 U.S. 1066 (1977)). The rationale is that if the defendant prevails on the issue of liability at trial, addressing the issue of damages becomes superfluous.

Furthermore, although damages are recoverable under anti-discrimination laws, they are not a required element to be proven for a successful anti-discrimination claim. This is supported by statutes such as 42 U.S.C. § 12117(a) and 42 U.S.C. § 1981a(a)(2), as well as PGCC Sec. 2-195.01. Therefore, the information necessary for this Court to make a ruling on damages, other than nominal, is not yet complete, and any such ruling at this stage would be both premature and of an advisory

nature. For example, quantifying "an opportunity to earn LOSAP and burial benefits" (Def's Br. at 29, ECF No. 75-2) is unnecessary at this juncture and would constitute an advisory opinion.

### CONCLUSION

Mr. Hine respectfully requests this Court grant him partial summary judgment on liability and award him nominal damages and deny Defendant's motion for summary judgment.

Dated: November 20, 2023                    Respectfully submitted,

Andrew Rozynski, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
Tel: (212) 353-8700
Fax: (917) 591-2875
arozynski@eandblaw.com
*Attorneys for Plaintiff Charles Hine*

## CERTIFICATE OF SERVICE

On November 20, 2023, I caused this document to be served upon all attorneys of record, by filing the same with the CM/ECF system

Dated: November 20, 2023                             Respectfully submitted,

Andrew Rozynski, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East,
PH
New York, NY 10003
Tel: (212) 353-8700
Fax: (917) 591-2875
arozynski@eandblaw.com
*Attorneys for Plaintiff Charles Hine*